**Electronically Filed
Intermediate Court of Appeals
30448
26-MAY-2011
09:28 AM**

NO. 30448


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I



STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL G. DALISAY, Defendant-Appellant



APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DTA-09-05116 and 1DTI-09-132341)



SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Michael G. Dalisay (Dalisay) appeals the February 11, 2010 Judgment entered by the District Court of the First Circuit, Honolulu Division (district court)[1] that convicted him of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2009).

---

[1]  The Honorable William A. Cardwell presided.

On November 23, 2009, a Complaint was filed charging Dalisay with OVUII in violation of HRS § 291E-61(a)(1).[2] On February 10, 2010, the date of trial, Dalisay moved to dismiss, asserting that the court lacked subject matter jurisdiction because the charge did not state mens rea, and at the conclusion of evidence, moved for a judgment of acquittal based on the deficiency of the charge for lack of the mens rea. The district court denied both motions. The district court found Dalisay guilty under HRS § 291E-61(a)(1) and entered its judgment of conviction. This timely appeal followed.

On appeal, Dalisay contends that the district court erred in denying the motion to dismiss the charge and denying his motion for judgment of acquittal where the charge was flawed for failure to allege state of mind required as an essential fact pursuant to Rule 7(d) of the Hawai'i Rules of Penal Procedure (HRPP).

The State argues that state of mind is not required under HRPP Rule 7(d) because OVUII is a general intent crime where intent is implied by the act, and that Dalisay was adequately informed of the charge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dalisay's point of error as follows.

---

[2] The Complaint read:

> On or about the 8th day of November, 2009, in the City and County of Honolulu, State of Hawaii, MICHAEL G. DALISAY, did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) of the Hawaii Revised Statutes.

Dalisay was charged with OVUII[3] under subsection (a)(1), which requires a showing of impairment and does not reflect the legislative intent to create an absolute liability offense. Consequently, the state of mind requirements of HRS § 702-204 (1993) apply to OVUII under subsection (a)(1). HRS § 701-102(3) (1993); see also Commentary on § 701-102 (making state of mind requirements applicable to non-Penal-Code statutory offenses). Thus, as no state of mind is specified in HRS § 291E-61(a)(1) and (2), the state of mind of intentionally, knowingly, or recklessly would apply.

Irrespective of the state of mind to be proved under any subsection of OVUII, whether that state of mind must be alleged in the charging document is a separate matter. The issue of whether a charge contains all essential elements of the offense is reviewed de novo. State v. Wheeler, 121 Hawai'i 383, 390, 219 P.3d 1170, 1177 (2009).

The Wheeler court analyzed a district court case for sufficiency of the charge and stated that "an accusation must sufficiently allege all of the essential elements of the offense charged, a requirement that obtains whether an accusation is in the nature of an oral charge, information, indictment, or complaint." Wheeler, 121 Hawai'i at 391, 219 P.3d at 1178

---

[3] HRS § 291E-61(a) stated:

**Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;

(3) With .08 or more grams of alcohol per two hundred ten liters of breath; or

(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

(emphasis added, internal quotation marks and brackets omitted). Wheeler also referenced HRS § 702-205 (1993), which specifies the elements of an offense as the conduct, attendant circumstances, and results of conduct. 121 Hawai'i at 391-92, 219 P.3d at 1178-79. As determined in State v. Klinge, 92 Hawai'i 577, 584 n.3, 994 P.2d 509, 516 n.3 (2000), "under HRS § 702-205, state of mind is not an 'element' of a criminal offense." Nevertheless, state of mind must be proved. See HRS §§ 701-102(3) and 702-204.

Contrary to Dalisay's claim that state of mind is required in the charge as part of the "essential facts" mandated in HRPP Rule 7(d),[4] "[i]n general, where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." State v. Mita, 124 Hawai'i 385, 391-92, 245 P.3d 458, 464-65 (2010) (referencing the "plain, concise and definite statement of essential facts" requirement of HRPP Rule 7(d) and citing Wheeler, 121 Hawai'i at 393, 219 P.3d at 1180) (some brackets added; internal quotation marks and some brackets omitted)).

Additionally, similar to the provisions of HRS § 806-28 (1993) applicable to circuit court proceedings, state of mind need not be specified in the charge in district court proceedings where such state of mind is not contained in the statute defining the offense. See State v. Yonaha, 68 Haw. 586, 586, 723 P.2d 185, 185-86 (1986); State v. Faulkner, 61 Haw. 177, 178, 599 P.2d

---

[4] HRPP Rule 7(d) states, in part:

> (d) *Nature and Contents.* The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . . Formal defects, including erroneous reference to the statute, rule, regulation or other provision of law, or the omission of such reference, shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.

285, 286 (1979); State v. Jendrusch, 58 Haw. 279, 281-82, 567 P.2d 1242, 1244 (1977).[5]

Further, in a charge of OVUII, a general intent crime,[6] the state of mind can be inferred without specification in the charge.[7] Consequently, Dalisay's charge of OVUII under HRS § 291E-61(a)(1) does not require specification of the state of mind. Accordingly, the district court did not abuse its discretion in denying Dalisay's motion to dismiss and motion for judgment of acquittal.

Therefore, the February 11, 2010 Judgment of District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, May 26, 2011.

On the briefs:

Jennifer D.K. Ng,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

---

[5] Although the cases refer to state of mind as an "element," these cases preceded State v. Klinge, 92 Hawai'i at 584 n.3, 994 P.2d at 516 n.3, which clarified that state of mind is not an essential element of an offense.

[6] See Lamore v. State, 983 So.2d 665, 669 (Fla. Dist. Ct. App. 2008); Mollenberg v. State, 907 So.2d 554, 556 (Fla. Dist. Ct. App. 2005); State v. Creamer, 996 P.2d 339, 345 (Kan. Ct. App. 2000).

[7] See State v. Kane, 3 Haw. App. 450, 457, 652 P.2d 642, 647-48 (1982) ("the statement of the act itself implies the requisite intent"); Black's Law Dictionary 882 (9th ed. 1990) ("[t]he intent to perform an act even though the actor does not desire the consequences of that result"); State v. Bull, 61 Haw. 62, 66, 597 P.2d 10, 13 (1979) ("the intent may be inferred from the conduct of the accused and the circumstances and environment of the occurrence") (internal quotation marks and citation omitted); Territory v. Tacuban, 40 Haw. 208, 212 (Haw. Terr. 1953) ("An allegation of participation or taking part in a gambling game connotes guilty knowledge, and inferentially alleges scienter."); State v. McDowell, 66 Haw. 650, 651, 672 P.2d 554, 555 (1983) ("Both [the carrying firearm charge in Kane and possession of firearm charge in McDowell] are general intent crimes and neither section specifies the requisite general intent to prove the crime.").